

Kevin Fallon McCarthy, AZ Bar# 011017
Joon N. Kee, AZ Bar# 028152
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ  85251
602-456-8900
joon.kee @mccarthylawyer.com
**Attorneys for Plaintiff**
*Admission Pro Hac Vice Pending*

**FILED**
VANESSA L. ARMSTRONG, CLERK

FEB 27 2017

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| RICHARD MAIKE<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION AND EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendants. | Case No.: 4:17-CV-25-JHM<br><br>**COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681 *et seq.*)** |

COMES NOW Plaintiff, Richard Maike ("Plaintiff"), by and through counsel undersigned, and for its causes of action against Defendants BANA Federal Savings Bank and Trans Union, LLC, for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.* and alleges as follows:

1. That Plaintiff is, and was at all times hereinafter mentioned, a resident of Daviess County, Kentucky.

2. That, on information and belief, Defendant, Bank of America, National Association ("BANA"), is, and at all times relevant hereto was, registered with the Kentucky Secretary of State a Foreign National Bank authorized to do business in Kentucky under the name Bank of America, National Association with a listed address of: 400 NATIONAL WAY, SIMI VALLEY, CA 93065.

3. That, on information and belief, Defendant BANA, is, and at all times relevant hereto was, regularly doing business in Daviess County and the State of Kentucky.

1

4. That, on information and belief, Defendant Equifax Information Services LLC, ("Equifax"), is a credit reporting agency, as defined by 15 U.S.C. § 1681a(f), licensed to do business in Kentucky as a Foreign Limited Liability Company and has designated the following registered statutory agent: CORPORATION SERVICE COMPANY,421 WEST MAIN STREET, FRANKFORT, KY, 40601.

5. That, on information and belief, Defendant, Equifax, is, and at all times relevant hereto was, regularly doing business in Daviess County and the State of Kentucky.

6. That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA") and that personal jurisdiction exists over Defendant as it had the necessary minimum contacts with the State of Kentucky and the injury occurred in Kentucky.

7. That the Plaintiff is a consumer and victim of inaccurate reporting by Defendants, and has suffered particularized and concrete harm.

### I. COUNT I

8. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

9. That on or about November 23, 2015, Defendant BANA issued a 1099-C, cancellation of debt, for Plaintiff's BANA credit card account ending 9984-2318 ("Account1").

10. The 1099-C canceled the principal balance owed, excluding interest and fees.

11. The Identifiable Event Code on the 1099-C is marked "G".

12. Code "G" on a 1099-C represents that the creditor has made a decision or policy to discontinue collection of the debt and cancel the debt.

13. Subsequently, Defendant submitted a tax form 1099-C to the Internal Revenue Service ("IRS") for the cancellation of debt amount of the debt owed to Defendant.

14. As a result, Plaintiff was obligated to pay taxes on the cancelled debt.

15. That Defendant BANA still reported a balance on the Account1, inclusive of interest and fees, on Plaintiff's consumer credit report.

16. That Defendant Equifax is willfully reporting derogatory and inaccurate information about Plaintiff to third-parties.

17. On or about September 30, 2016, Plaintiff sent a written dispute regarding the accuracy of the derogatory balance information reported on Account1 by Defendant BANA to Defendant Equifax, a consumer credit reporting agency as defined in 15 U.S.C. §1681a.

18. Upon information and belief, Equifax forwarded at least a portion of Plaintiff's dispute to Defendant BANA re: Account1.

19. That on or about October 17, 2016, Defendants responded to Plaintiff's dispute letter on Account1 without removing the erroneous balance information that was identified in Plaintiff's dispute letter on Account1.

20. That Defendant BANA willfully failed to conduct a proper investigation and correct the inaccurate balance reporting of the Account1 to Equifax in violation of 15 U.S.C. § 1681s-2(b) and to the detriment of the consumer Plaintiff.

21. That Defendant BANA is willfully reporting derogatory and inaccurate information about Plaintiff to consumer reporting agencies, Equifax, as defined by 15 U.S.C. § 1681a.

22. That Defendant Equifax failed to conduct a reasonable reinvestigation in violation of 15 U.S.C. § 1681i(a)(1)(A) to the detriment of the consumer Plaintiff.

23. That Defendant Equifax failed to correct the inaccurate balance reporting of the Account1 in violation of 15 U.S.C. § 1681i and to the detriment of the consumer Plaintiff.

24. That Defendant Equifax, willfully failed to maintain reasonable procedures to assure maximum accuracy of the information contained in Plaintiff's credit report in violation of 15 U.S.C. § 1681e.

25. That the foregoing acts and omissions of the Defendants constitute an unacceptable violation of the FCRA.

\\\
\\\

## II. COUNT II

26. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

27. That on or about November 23, 2015, Defendant BANA issued a 1099-C, cancellation of debt, for Plaintiff's BANA account ending 9954-8962 ("Account2"). Exhibit A.

28. The 1099-C canceled the principal balance owed, excluding interest and fees.

29. The Identifiable Event Code on the 1099-C is marked "G".

30. Code "G" on a 1099-C represents that the creditor has made a decision or policy to discontinue collection of the debt and cancel the debt.

31. Subsequently, Defendant submitted a tax form 1099-C to the IRS for the cancellation of debt amount of the debt owed to Defendant BANA.

32. As a result, Plaintiff was obligated to pay taxes on the cancelled debt.

33. That Defendant BANA still reported a balance on Account2, inclusive of interest and fees, on Plaintiff's consumer credit report.

34. That Defendant Equifax is willfully reporting derogatory and inaccurate information about Plaintiff to third-parties.

35. On or about September 30, 2016, Plaintiff sent a written dispute regarding the accuracy of the derogatory balance information reported on Account2 by Defendant BANA to Equifax, a consumer credit reporting agency as defined in 15 U.S.C. §1681a.

36. Upon information and belief, Equifax forwarded at least a portion of Plaintiff's dispute to Defendant BANA regarding Account2.

37. That on or about November 13, 2016, Defendants responded to Plaintiff's dispute letter on Account2 without removing the erroneous balance information that was identified in Plaintiff's dispute letter on Account2.

\\\

38. That Defendant BANA willfully failed to conduct a proper investigation and correct the inaccurate balance reporting of the Account2 to Equifax in violation of 15 U.S.C. § 1681s-2(b) and to the detriment of the consumer Plaintiff.

39. That Defendant BANA is willfully reporting derogatory and inaccurate information about Plaintiff to consumer reporting agencies, Equifax, as defined by 15 U.S.C. § 1681a.

40. That Defendant Equifax failed to conduct a reasonable reinvestigation in violation of 15 U.S.C. § 1681i(a)(1)(A) to the detriment of the consumer Plaintiff.

41. That Defendant Equifax failed to correct the inaccurate balance reporting of the Account2 in violation of 15 U.S.C. § 1681i and to the detriment of the consumer Plaintiff.

42. That Defendant Equifax, willfully failed to maintain reasonable procedures to assure maximum accuracy of the information contained in Plaintiff's credit report in violation of 15 U.S.C. § 1681e.

43. That the foregoing acts and omissions of the Defendants constitute an unacceptable violation of the FCRA.

### III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks his statutory remedies as defined by 15 U.S.C. § 1681n and demands:

### AS TO COUNT I:

1. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;
2. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;
3. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and
4. Any further legal and equitable relief as the court may deem just and proper in the

circumstances.

## AS TO COUNT II:

5. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

6. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

7. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

8. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted this 21 day of February, 2017.

                                                  MCCARTHY LAW, PLC

                                                  By: _____
                                                  Joon N. Kee, Esq.
                                                  Attorney for Plaintiff
                                                  McCarthy Law PLC
                                                  4250 N. Drinkwater Blvd. Ste.320
                                                  Scottsdale, AZ 85251
                                                  Phone: 602-456-8900
                                                  Fax: 602-218-4447
                                                  Email: joon.kee@mccarthylawyer.com

McCarthy Law PLC
4250 N.Drinkwater Blvd., Ste. 320
Scottsdale, Arizona 85251



Owensboro United States Court House
Attn: Clerk's Office
423 Frederica St, Ste 126
Owensboro, KY 42301-3013